ERIC GRAVEL, ESQ. CSB# 256672
350 Rhode Island #240
San Francisco, CA 94103
Telephone: (415)767-3880
EMAIL: ctnotices@gmail.com

WILLIAM F. McLAUGHLIN, ESQ,
CSB# 62095
1305 Franklin Street, Suite 311
Oakland, California 94612
Telephone:    (510) 839-4456
EMAIL: MCL551@AOL.COM

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ) CASE NO. 19-42915 CN
)
RHAINELL A. MADRONA, aka, ) CHAPTER 13
JAFFA CITY CAFÉ, and ARGENT M. )
MADRONA, aka ARGENT EMPHILIA ) ADVERSARY CASE NO. 20-04017 CN
MONOLAKIS, )
) DEFENDANTS' ANSWER TO COMPLAINT
) TO DETERMINE DISCHARGEABILITY OF
Debtor(s). ) CERTAIN DEBT
)
_____ )
)
HOA PHA, )
)
Plaintiff, )
)
vs. )
)
RHAINELL A. MADRONA, aka, )
JAFFA CITY CAFÉ, and ARGENT M. )
MADRONA, aka ARGENT EMPHILIA )
MONOLAKIS, )
)
Defendants. )
_____

    Defendants, Rhainell A. Madrona and Argent M. Madrona ("Defendants"), answer the above-captioned adversary complaint as follows:

1. Defendants admit the allegations of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Paragraph 8 contains legal conclusions or statements to which no issue of fact is raised requiring a response and to the extent that this paragraph raises an issue requiring admission or denial the defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Paragraph 20 contains legal conclusions or statements to which no issue of fact is raised requiring a response and to the extent that this paragraph raises an issue requiring admission or denial the defendants deny the allegations of paragraph 20.

21. Paragraph 21 contains legal conclusions or statements to which no issue of fact is raised requiring a response and to the extent that this paragraph raises an issue requiring admission or denial the defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Paragraph 23 contains legal conclusions or statements to which no issue of fact is raised requiring a response and to the extent that this paragraph raises an issue requiring admission or denial the defendants deny the allegations of paragraph 23.

24. Paragraph 24 contains legal conclusions or statements to which no issue of fact is raised requiring a response and to the extent that this paragraph raises an issue requiring admission or denial the defendants deny the allegations of paragraph 24.

25. Paragraph 25 contains legal conclusions or statements to which no issue of fact is raised requiring a response and to the extent that this paragraph raises an issue requiring admission or denial the defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

## AFFIRMATIVE DEFENSES

In addition to ss' denials to Plaintiff's allegations above, pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), Defendants assert the following affirmative defenses. By alleging said matters, Defendants do not thereby concede or admit that either of them bears the burden of proof on any matter or element related to any of the affirmative defenses asserted. Furthermore, Defendants reserve the right to assert such additional affirmative defenses as may be warranted as this action progresses.

## FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE FACTS SUFFICIENT TO STATE A CLAIM

36. The Complaint, and each purported claim contained therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

37. The Complaint, and each purported claim contained therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### STANDING

38. Plaintiff has not sustained any legally cognizable injury and therefore lacks standing to assert any of the claims set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

## STATUTES OF LIMITATION

39. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

## WAIVER

40. By its conduct, Plaintiff has waived any right to recover any relief under his Complaint or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

## ESTOPPEL

41. Plaintiff has engaged in conduct with respect to the activities that are the subject of the Complaint, and by reason of said activities and conduct, Plaintiff is estopped from asserting any claim for damages or seeking any other relief against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

## LACHES

42. Due to his tardiness in asserting his purported right to recover, Plaintiff's claims should be barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

## UNCLEAN HANDS

43. The Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands due to the actions of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

## CONSENT

44. The Complaint, and each purported claim contained therein, is barred in whole or in part by the doctrine of consent.

## TENTH AFFIRMATIVE DEFENSE
## CONTRIBUTORY NEGLIGENCE

45. Defendants are informed and believes and thereon allege that Plaintiff is barred in whole or in part by his own negligence, unclean hands, fault, assumption of the risk, or otherwise from any and all or all legal or equitable relief against Defendants, as requested in the Complaint or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE
## INTERVENING, NEGLIGENT, AND/OR INTENTIONAL CONDUCT OF INDEPENDENT THIRD PARTIES

46. Defendants are informed and believe and thereon allege that at all times mentioned herein, Defendants did not contribute to Plaintiff's damages, if any, whatsoever, and any damages sustained by Plaintiff and proved to be sustained by Plaintiff were the direct and proximate result of the independent, intervening, negligent and/or intentional conduct of independent third parties and their agents for which Defendants are not responsible.

## TWELFTH AFFIRMATIVE DEFENSE
## LACK OF PROXIMATE CAUSE

47. Any act, or omission to act, of Defendants, was not a substantial factor in bringing about Plaintiff's damages, if any, and therefore, was not the proximate cause of any damages suffered by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
## NO LEGAL CAUSATION

48. At all times mentioned in the Complaint, Defendants' acts and omissions, if any, were not a legal cause of damages, if any, to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
## UNCERTAINTY OF DAMAGES

49. Defendants allege that the damages claimed in the Complaint, if any there be, are uncertain, speculative, and not subject to reasonable determination.

### FIFTEENTH AFFIRMATIVE DEFENSE
### NOT ENTITLED TO COMPENSATORY DAMAGES

50. Plaintiff is not entitled to compensatory damages of any kind.

### SIXTEENTH AFFIRMATIVE DEFENSE
### NOT ENTITLED TO ATTORNEY'S FEES

51. Plaintiff is not entitled to an award of attorney's fees.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### UNJUST ENRICHMENT

52. Defendants are informed and believe, and thereon allege, that Plaintiff is seeking to recover more in this case than he is entitled to, and any award would unjustly enrich Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### SETOFF/RECOUPMENT

53. Defendants assert that each purported cause of action in the Complaint is barred by the doctrine of setoff and/or recoupment.

### NINETEENTH AFFIRMATIVE DEFENSE
### AVAILABILITY OF ADDITIONAL AFFIRMATIVE DEFENSES

54. Defendants presently have insufficient knowledge or information upon which to form a belief as to the availability of additional, as yet unstated, affirmative defenses. Therefore, Defendants reserve the right to assert additional affirmative defenses and/or amend any of the affirmative defenses alleged herein in the event discovery reveals that they would be appropriate and proper under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE DAMAGES

55. Defendants allege that Plaintiff's injuries, losses and damages suffered, if any, which are expressly denied, were caused by Plaintiff's failure to take reasonable steps to mitigate such damages; to the extent that such injuries, losses or damages were caused by plaintiff's failure to take reasonable steps to mitigate such damages, that such are not recoverable against Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## ABSENCE OF REASONABLE RELIANCE

56. Plaintiff's reliance on any representations, if any, direct or indirect, by defendants was unreasonable or unjustified under the circumstances.

**WHEREFORE**, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendants;

2. That Defendants be awarded their reasonable costs and attorneys' fees; and

3. That Defendants be awarded such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: May 15, 2020        /s/ William F. McLaughlin
                           Attorney for Defendants